IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MICHAEL TINDLE, | § |
| *Plaintiff,* | § § § |
| v. | §  Civil Action No.  SA-18-CV-00714-XR |
| CENTRAL PONY EXPRESS, INC., and MATTHEW GARRETT, | § § § |
| *Defendants*. | § § |

**ORDER**

On this day the Court considered Defendants' motion to dismiss for insufficient service of process and, in the alternative, failure to state a claim upon which relief can be granted. Docket no. 7. For the following reasons, the Court DENIES the motion.

**I. BACKGROUND**

Plaintiff Michael Tindle brought this suit on behalf of himself for violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), against his former employer, Central Pony Express, Inc. ("CPE"), along with CPE's Vice President and Director, Matthew Garrett (collectively, "Defendants"). Defendant CPE is a Texas company that engages in interstate commerce by providing "transportation and delivery services" by "delivering road and construction equipment." Docket no. 1 at ¶ 7. Tindle was employed as a "driver." *Id*. at ¶ 5. He "performed work relating to the handling and movement of goods and products for interstate commerce, e.g., the building of roads and highways." *Id*. at ¶ 15.  Tindle was informed "his job duties would not require him to leave the state of Texas." *Id*. at ¶ 17.

Tindle claims CPE agreed to pay him on a salary basis, but instead, he was paid "less than the agreed salary and at an hourly rate." *Id.* at ¶ 19. He alleges CPE repeatedly violated the FLSA by not providing overtime pay when he worked over forty hours per week. *Id.* at ¶ 18–20. He invokes this Court's federal jurisdiction under 28 U.S.C § 1331 through the FLSA claim. *Id.* at ¶ 2.

Tindle filed his complaint on July 12, 2018. Docket no. 1. Defendants filed their motion to dismiss for insufficient service of process or, alternatively, failure to state a claim upon which relief can be granted and, subject thereto, their answer on August 29, 2018. Docket no. 7. In their motion to dismiss, Defendants argue: 1) they were not properly served in accordance with Federal Rule of Civil Procedure 4 because the summons and complaint were sent through regular mail; and 2) if the Court finds Defendants were properly served, the claim should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted because the work Tindle performed fell within the FLSA's Motor Carrier Act ("MCA") exemption. *See* 29 U.S.C. § 213(b). An executed waiver of service for both defendants was filed on August 31, 2018. Docket no. 8. Tindle responded to Defendants' motion to dismiss on September 7, 2018. Docket no. 11.

## II. LEGAL STANDARD

Defendants move to dismiss for insufficient service of process pursuant to Rule 12(b)(5). Federal Rule of Civil Procedure 12(b)(5) authorizes dismissal of a claim if the summons and complaint were "not properly served in the appropriate manner." *Thomas v. New Leaders for New Sch.*, 278 F.R.D. 347, 350–51 (5th Cir. 2011).

In the alternative, Defendants move to dismiss under Rule 12(b)(6) for failure to state a claim. A complaint survives a 12(b)(6) motion to dismiss when it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint's factual allegations must be taken as true and construed in favor of the plaintiff when considering a motion to dismiss under Rule 12(b)(6). *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Factual allegations must show "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678. Mere conclusions or conclusory statements "must be supported by factual allegations" before they are given the assumption of truth. *Id.* at 679. When reviewing a 12(b)(6) motion to dismiss, "[c]ourts are not to consider matters outside the complaint except in very limited circumstances." *McLeland v. 1845 Oil Field Servs.*, 97 F. Supp. 3d 855, 860 (W.D. Tex. 2015).

### III. ANALYSIS

**1. Rule 12(b)(5) motion to dismiss for insufficient service of process**

Defendants argue this Court should dismiss the complaint because Tindle failed to serve either Defendant pursuant to Rule 4(e) and 4(h). The serving party carries the burden of showing service was proper if challenged. *Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981). As indicated in Plaintiff's response, the complaint was filed on July 12, 2018, and Defendants waived service on August 30, 2018. Defendants who waive service are explicitly excluded from the procedural requirements set forth in Rules 4(e) and 4(h). Filing a waiver of service has the same effect as if the defendants

were actually served. FED. R. CIV. P. 4(d)(4). Once the waiver of service was filed, Tindle was no longer required to serve Defendants as dictated by Rules 4(e) and 4(h). Therefore, the Court dismisses Defendants' Rule 12(b)(5) motion to dismiss for insufficient service because the motion became moot once Defendants waived service.

   **2.  Rule 12(b)(6) motion to dismiss for failure to state a claim**

  Defendants assert Tindle fails to state a claim for which relief can be granted because the work he conducted fell within the FLSA's Motor Carrier Act ("MCA") exemption. 29 U.S.C. § 213(b)(1). To support their argument, Defendants submitted an affidavit claiming Tindle was a CPE driver who was subject to interstate travel through his job duties.

When determining a 12(b)(6) motion to dismiss, a district court's review is limited to the complaint, with some limited exceptions such as documents referenced in or attached to the complaint that are central to the claim. *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003); *see also Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (explaining courts may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.")(quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

Tindle states a claim upon which relief can be granted for unpaid overtime wages through the FLSA. Defendants' assertion of the MCA exemption is an affirmative defense. *McLeland*, 97 F. Supp. 3d at 861 (W.D. Tex. 2015); *Vanzzini v. Action Meat Distributors, Inc.*, 995 F. Supp. 2d 703 at 711–12 (S.D. Tex. 2014) (considering the MCA exemption an affirmative defense subject to a summary judgment motion); *Songer v. Dillion Resources, Inc.*, 636 F. Supp. 2d 516, 518 (N.D. Tex. 2009), *aff'd*, 618 F.3d 467 (5th Cir. 2010) (recognizing

the MCA exception as an affirmative defense). Dismissal under Rule 12(b)(6) based on an affirmative defense is generally permissible only when the defense appears on the face of the complaint. *EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank*, 467 F.3d 466, 470 (5th Cir. 2006).

The MCA provides an overtime payment exemption for certain employees for whom the Secretary of Transportation may establish qualifications and maximum hours. 29 U.S.C. § 213(b)(1). The Secretary is authorized to establish "qualifications and maximum hours of service of employees of . . . a motor private carrier, when needed to promote safety of operation." 49 U.S.C. § 31502(b). Determining whether an employee is subject to the MCA exemption "depends both on the class to which his employer belongs and on the class of work involved in the employee's job." *Songer*, 618 F.3d at 472 (quoting 29 C.F.R. § 782.2(a)). The Secretary may set requirements for employees who (1) work for employers subject to the Secretary's jurisdiction under the MCA, and (2) "engage in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of the Motor Carrier Act." 29 C.F.R. § 782.2(a). Employees must meet both requirements for the MCA exemption to apply. *Allen v. Coil Tubing Services, L.L.C.*, 755 F.3d 279, 283 (5th Cir. 2014).

"Drivers," among other employment types, are specifically named as being within the MCA exemption. 29 C.F.R. § 782.2(b). However, the title of the employee's position or of the work the employee does is not controlling. Instead, "what is controlling is the character of the activities involved in the performance of [the employee's] job." *Allen*, 755 F.3d at 283 (quoting 29 C.F.R. § 782.2(b)). It is not disputed that Defendant CPE is a company that

engages in interstate commerce. Defendants allege Tindle's work duties fell within the MCA exception because he conducted activities that affected "the operational safety of motor vehicles" and he "could reasonably be expected to perform interstate transport during his employment with CPE," since driving assignments were given indiscriminately. Docket no. 7 at ¶ 4–5. Plaintiff contends he could not have reasonably expected to conduct interstate travel, as he was informed his job duties consisted of only local driving assignments. Docket no. 1 at ¶ 17. Making a determination on this issue requires additional fact finding that exceeds the scope of review under Rule 12(b)(6). *See McLeland*, 97 F. Supp. 3d at 863. The parties should proceed with discovery and raise the issue via motion for summary judgment at a more appropriate stage of the litigation. *Id.*

## IV. CONCLUSION

Defendants' motion to dismiss (docket no. 7) is DISMISSED AS MOOT IN PART as to the Rule 12(b)(5) motion and DENIED IN PART as to the 12(b)(6) motion.

It is so ORDERED.

SIGNED this 26th day of September, 2018.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE